UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SALLY J. DERSCH,

        Plaintiff,

v.                                        Case No.  1:11-CV-267

BAC HOME LOAN SERVICING LP,        HON. GORDON J. QUIST
WELLS FARGO BANK, N.A.,
ARGENT MORTGAGE COMPANY,
LLC, PARK PLACE SECURITIES, INC.
ASSET-BACKED PASS-THROUGH
CERTIFICATES SERIES 2005-WCM1,
TIAQUANDA TURNER, and TROTT &
TROTT, P.C.,

        Defendants.
_____/

## OPINION

On February 7, 2011, Plaintiff, Sally J. Dersch ("Dersch"), proceeding pro se, filed a complaint against Defendants BAC Home Loan Servicing, L.P.[1] ("BAC"), Trott & Trott P.C. ("Trott & Trott"), Argent Mortgage Company, LLC ("Argent"), Tiaquanda Turner ("Turner"), and Wells Fargo Bank, NA ("Wells Fargo"), in the Montcalm County Circuit Court, arising out of a nonjudicial foreclosure of real property that she owns in Montcalm County.  In her complaint, Dersch requested the state court to enjoin the nonjudicial foreclosure based on Defendants' failure to "follow[] the rule of law and proper fiduciary responsibilities."  Shortly thereafter, Dersch filed an amended complaint in which she added Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2005-WCW1 (the "Trust") as a Defendant and alleged that Defendants violated the following federal laws: (1) the Racketeer influenced and Corrupt Organizations Act ("RICO"),

---

[1] On July 18, 2011, BAC filed a notice indicating that it has been merged into Bank of America, NA, and is now known as Bank of America, NA.  (Dkt. #34.)

18 U.S.C. § 1961, *et seq.*; (2) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*; (3) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; and (4) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* Defendants removed the case to this Court on March 18, 2011, alleging federal question jurisdiction as the basis for removal and requesting that the Court exercise supplemental jurisdiction over Dersch's state law claims pursuant to 28 U.S.C. § 1367.

Defendants BAC, Wells Fargo, and Turner have now moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Defendants BAC, Wells Fargo, and Turner have also moved pursuant to Fed. R. Civ. P. 10(a) and 21 to amend the caption to include Wells Fargo only in its representative capacity as trustee of the Trust instead of its individual capacity. Dersch has also filed an Emergency Motion to Vacate Sheriff Sale. For the reasons set forth below, the Court will grant Defendants' motions and dismiss the amended complaint with prejudice and dismiss Dersch's emergency motion as moot.

## I. BACKGROUND

Dersch owns real property legally described as lots 28, 41, and 42 of Kings Landing, Whitefish lake, Pierson Township, Montcalm County, Michigan, and commonly known as 22755 Lake Drive, Pierson, Michigan 49339 (the "Property"). On March 25, 2005, Dersch obtained an adjustable-rate loan in the amount of $105,000.00 from Argent. The loan was evidenced by an Adjustable Rate Note and secured by a Mortgage on the Property.

In 2007, Argent became defunct and ceased doing business. (Notice of Removal ¶ 7(a).) At some point, Wells Fargo, as Trustee on behalf of the Certificate Holders of Park Place Securities, Inc. Asset-Backed Pass-Through Certificates, Series WCW1, became the owner of the loan. BAC currently services the loan.

In 2008, Dersch defaulted on the loan. Dersch sought a loan modification from BAC under the federal government's Home Affordable Modification Program. For reasons that are unclear, the loan was never modified and the default was never cured. On October 12, 2010, Wells Fargo recorded an Assignment of Mortgage from Argent to Wells Fargo with the Montcalm County Register of Deeds, assigning the March 24, 2005, Mortgage on the Property from Dersch, as mortgagor, to Argent, as mortgagee. The Assignment, dated September 13, 2010, was signed by Defendant Turner as Assistant Vice President of Argent. Thereafter, BAC and/or Wells Fargo, through the law firm of Trott & Trott, initiated a foreclosure of the Mortgage by advertisement pursuant to M.C.L.A. §§ 600.3201, *et seq.* A Sheriff's sale was held on January 27, 2011, at which Wells Fargo was the successful bidder and obtained a Sheriff's Deed for the Property. Dersch thereafter filed the instant action, seeking to have the Sheriff's sale vacated or set aside.

## II. Motion Standard

Defendants BAC, Wells Fargo, and Turner move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." In reviewing a motion for judgment on the pleadings, a court applies the standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6). *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

Pursuant to Rule 8(a), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). The court must accept all of the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

Generally speaking, when a Rule 12(c) motion presents matters outside the pleadings, the court must convert the motion to a motion for summary judgment under Rule 56 unless the district court excludes such matters. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006). However "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account" without the necessity

4

of converting the motion into one for summary judgment. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

Finally, because Dersch is a pro se litigant, her allegations must be "liberally" construed. *Owens v. Keeling*, 461 F.3d 763, 776 (6th Cir. 2006). However, a "court is not required to conjure up unpled allegations," *Dietz v. Sanders*, 100 F. App'x 334, 338 (6th Cir. 2004), or to accept as true legal conclusions or unwarranted factual inferences. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

### III. Discussion

**A.     Defendants' Rule 12(c) Motion**

Initially, the Court notes that Defendants attached as exhibits to their brief in support of their Rule 12(c) motion the Sheriff's Deed, the Mortgage, and the Assignment. Because these documents have been recorded, they are matters of public record that the Court may consider in ruling on the motion. Dersch, in her response, and Defendants, in their reply, have submitted several documents that are outside the pleadings and thus beyond the scope of a proper Rule 12(c) motion. The Court will consider such documents only to the extent they may be properly considered as part of a Rule 12(c) motion, for example, if they are matters of public record or "are referred to in the plaintiff's complaint and are central to her claim." *Amini*, 259 F.3d at 502 (internal quotation marks omitted). Thus, the Court focuses its analysis solely on Dersch's allegations in her amended complaint and any documents permitted in a Rule 12(c) motion.

**1.     Federal Law Claims**

The amended complaint includes nineteen paragraphs, each of which purports to be a single claim. The paragraphs that arguably allege claims arising under federal law include:

> 12.   Defendants are in violation of the Racketeer Influence and Corrupt Organizations Act.

> 13. Defendants violated the Real Estate Settlement Procedures Act by withholding pertinent information.
> 14. Defendants have not provided Plaintiff with payoff and reinstatement figures or debt verification, according to the Fair Debt Collection Practices Act.
> 15. Defendant(s) are in violation of the Truth in Lending Act since required disclosures were not made at the time of the closing of said loan.
> . . . .
> 17. Mortgage was not transferred in accordance with the Pooling and Servicing Agreement of Park Place Securities, Inc. Asset-Backed Pass-Through Certificates Series 2005-WCW, resulting in a violation of the Security Act of 1934.

(Am. Compl. ¶¶ 12-15, 17.)

None of these allegations are supported by facts. Rather, they are all legal conclusions that "need not be accepted as true." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 684 (6th Cir. 2011). In fact, Dersch has not even attempted to set forth "[t]hreadbare recitals of the elements of" her purported claims. *Ashcroft*, 129 S. Ct. at 1949. In short, Dersch provides no factual content that would allow the Court "to infer more than the mere possibility of misconduct." *Id.* at 1950. For this reason alone, Defendants are entitled to judgment on the pleadings.

Apart from Dersch's failure to allege sufficient factual content, her claims under the TILA and RESPA are time-barred. An action under the TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *United States v. Petroff-Kline*, 557 F.3d 285, 296 (6th Cir. 2009). Here, Dersch filed her complaint almost six years after the occurrence of the alleged violation.[2] In addition, although Dersch does not expressly seek rescission under the TILA, the right to rescission under the TILA expires after three years. 15 U.S.C. § 1635(f); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419, 118 S. Ct. 1408, 1413 (1998) ("We respect Congress's manifest intent by concluding that the [TILA] permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run."). Dersch's RESPA claim,

---

[2] Although the Sixth Circuit has held that the TILA is subject to the doctrine of equitable tolling, *see Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x. 627, 635 (6th Cir. 2007), nothing in Dersch's response indicates that there is any basis for applying that doctrine in this case.

like her TILA claim, also appears to be time-barred. An action based upon a violation of section 8 or 9 of RESPA, 12 U.S.C. §§ 2607 and 2608, must be brought "within . . . 1 year . . . from the date of the occurrence of the violation." 12 U.S.C. § 2614; *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 (6th Cir. 2009).

A district court should normally grant a pro se plaintiff leave to amend where the plaintiff could possibly cure the pleading defects by pleading additional facts, even where the plaintiff has not requested leave to amend. *See Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) (stating that "generally, [i]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend" (internal quotation marks omitted)). Dersch has not requested leave to amend, but the Court sees nothing to suggest that Dersch could cure the pleading defects in her federal claims by amendment. In fact, with the exception of the TILA claim, which the Court has already concluded is time-barred, Dersch completely ignores her federal claims; she does not dispute that her federal claims are but mere legal conclusions, nor does she indicate an intent to flesh out her claims by providing factual content. Accordingly, the Court in its discretion will not grant Dersch leave to amend with regard to the federal claims, which the Court will dismiss with prejudice.

    **2.**     **State law Claims**

Supplemental jurisdiction under 28 U.S.C. § 1367 "is a doctrine of discretion, not of . . . right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). While the Court, having dismissed the federal claims, would normally exercise its discretion in favor of remanding the state law claims to

state court, the Court declines to do so in this instance because Dersch's purported state law claims can be disposed in the instant motion.

The amended complaint sets forth the following purported state law claims:

1. Mortgages require the sending of a Notice of Default prior to the acceleration of the loan. Defendants have failed to provide such notice.
2. Plaintiff was the victim of fraud, duress, and undue influence. The mortgage broker, acting as an agent of the current Defendant(s), misrepresented to Plaintiff the terms of the Note and Mortgage. Plaintiff relied on Defendants [sic] misrepresentation in signing.
3. Defendant(s) have agreed to accept late payments, either by action or by agreement (oral or otherwise).
4. Defendant(s) have brought about an acceleration of mortgage and foreclosure action in bad faith.
5. Defendants [sic] action to foreclose was not done in a timely manner. Plaintiff has ben detrimentally affected by their delay.
6. The original terms of the Note and Mortgage, the manner in which this is being enforced and the Defendant(s) actions towards the Plaintiff are unconscionable.
7. The Defendant(s) have no standing to proceed. They have no lawful jurisdiction to pursue foreclosure.
8. Defendants have not followed proper procedure in pursuing foreclosure.
9. The Defendants(s) have failed to join all indispensable parties to the action and the action must be abated until all indispensable parties are included.
10. The Defendants acted in bad faith.
11. The Defendants have breached their fiduciary duty to the Plaintiff.
. . . .
16. Defendant(s) perpetrated a fraudulent conveyance in assigning the Mortgage on September 13, 2010 for the sole purpose of foreclosing on said property.
. . . .
18. Defendant(s) and/or their agents have unlawfully and without consent of Plaintiff entered the property. They permanently damaged the property and locked the Plaintiff out of the dwelling.
19. Defendants and their agents have slandered the good name of Plaintiff. Defendant(s) and their agents discussed personal matters and spread falsehoods to associates of Plaintiff.

(Am. Compl. ¶¶ 1-11, 16, 18-19.) These state law claims, like the federal claims, are little more than legal conclusions, bereft of any substantive factual allegations.

Dersch does not dispute that the purported claims set forth above are mere legal conclusions that fall short of *Twombly*'s "plausibility" requirement. In addition, Dersch's fraud-based claims

alleged in paragraphs 2 and 16 fail to comply with Fed. R. Civ. P. 9(b), which provides that allegations of fraud "must state with particularity the circumstances constituting fraud." The Sixth Circuit interprets Rule 9(b) as requiring a plaintiff to "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993). It also requires that the plaintiff allege facts showing her reliance on the defendant's misrepresentation. *Kenty v. Bank One, Columbus, N.A.*, 92 F.3d 384, 389-90 (6th Cir. 1996). Dersch's allegations provide none of this information.

In her response, Dersch refers to facts not set forth in her amended complaint, many of which are nothing more than conclusions, to supplement her purported claims. For example, she states that "Defendants Trott, Turner, BAC, Wells Fargo and Park Place colluded to fraudulently prepare, sign, and file an assignment of mortgage for the sole purpose of taking Plaintiff's property via foreclosure." (Pl.'s Resp. Defs.' Mot. for J. on the Pleadings at 2.) Assuming that, if permitted to file a second amended complaint, Dersch would amend consistent with the arguments and assertions in her response, such an amendment would be futile because it could not survive a motion to dismiss. *See Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 67 (6th Cir. 2010) ("An amendment is futile if it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).").

Pursuant to M.C.L.A. § 600.3204(1),

> a party may foreclose a mortgage by advertisement if all of the following circumstances exist:
> (a) A default in a condition of the mortgage has occurred, by which the power to sell became operative.
> (b) An action or proceeding has not been instituted, at law, to recover the debt secured by the mortgage or any part of the mortgage; or, if an action or proceeding has been instituted, the action or proceeding has been discontinued; or an execution on a judgment rendered in an action or proceeding has been returned unsatisfied, in whole or in part.
> (c) The mortgage containing the power of sale has been properly recorded.

>  (d) The party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

M.C.L.A. § 600.3204(1). In addition, "[i]f the party foreclosing a mortgage by advertisement is not the original mortgagee, a record chain of title shall exist prior to the date of sale . . . evidencing the assignment of the mortgage to the party foreclosing the mortgage." M.C.L.A. § 600.3204(3). Dersch contends that the Court should vacate the Sheriff's sale and declare the Sheriff's Deed void essentially for the following reasons: (1) Argent failed to comply with Michigan's recording requirements; (2) Defendants failed to comply with the Mortgage's notice of default requirement[3]; (3) Defendants proceeded with the foreclosure in bad faith by leading Dersch to believe that her loan would be modified and/or by not delaying the Sheriff's sale;(4) the Assignment was a fraudulent conveyance and/or was invalid; and (5) Defendants lacked standing to foreclose because the Assignment did not assign the Note. As explained below, these arguments lack merit.

    **a.    Noncompliance with Recording Requirements**

In Michigan, an instrument conveying or encumbering an interest in real estate may be recorded with the register of deeds if, among other things not relevant here: (1) it contains the legibly printed, typed, or stamped name of each person purporting to execute the instrument below his or her signature; (2) there is no discrepancy between the signer's printed, typed, or stamped name beneath their signature and the name as recited in the acknowledgment or jurat on the instrument; (3) the name of any notary public is legibly printed, typed, or stamped below his or her signature; and (4) the address of the grantee is legibly printed, typed or stamped on the instrument." M.C.L.A. § 565.201(1)(a)-(d). A mortgage may be recorded if : (1) it is received by the register of deeds

---

[3] Dersch's claims are also deficient because she simply refers to all Defendants rather than explaining why an allegation applies to a particular Defendant. However, given that the Court concludes that Dersch's claims are legally insufficient, regardless of whom they are asserted against, the Court finds no need to sort out which of the several Defendants could be liable.

under M.C.L.A. § 565.25(1); (2) it meets the requirements of M.C.L.A. 565.201 (set forth above); and (3) the recording fee is paid when the mortgage is submitted for recording. *Gold v. Interstate Fin. Corp.* (*In re Schmiel*), 362 B.R. 802, 817 (Bkrtcy. E.D. Mich. 2007).

The copy of the Mortgage recorded with the Montcalm County Register of deeds in Liber 1234, pages 1255-76, meets these requirements. Furthermore, the recorded Mortgage, which is the only relevant document for purposes of the instant lawsuit, contains the legal description of the Property as Exhibit A. Whether Dersch's copy of the Mortgage contained the legal description is irrelevant. The Mortgage indicated that the legal description was to be set forth on an attachment incorporated by reference, and Dersch does not allege that the property in the legal description was not the property the parties intended the Mortgage to encumber. Dersch argues that a comparison of the copy of the Mortgage she received at the closing and the copy of the Mortgage Defendants submitted in response to her emergency motion with the recorded Mortgage Defendants submitted in support of their motion for judgment on the pleadings shows that Argent added missing words, forged her initials, and altered her signature on the mortgage. But, as noted, the recorded mortgage controls, and Dersch does not deny that she in fact signed the Mortgage.[4] Thus, the Mortgage was properly recorded.

In a related argument, Dersch says that the owner of the Mortgage does not have a valid lien on two of the three lots comprising the Property because the legal description includes the address for only one of three lots. Dersch fails to note, however, that the legal description describes all three lots – "Lots 28, 41 and 42 of Kings Landing, Whitefish Lake, Pierson Township, Montcalm County, Michigan." This argument thus lacks merit.

---

[4] Dersch further argues that Defendants's submission of an unrecorded copy of the Mortgage is a judicial admission or somehow estops them from relying on the recorded Mortgage, but she cites no legal authority for such a proposition.

### b. Contractual Notice of Default

Dersch contends that the foreclosure was invalid because Defendants never sent her notice of default and acceleration. This argument fails both factually and legally. Although the Court did not consider the document in deciding Defendants' motion for judgment on the pleadings, Defendants attached to their reply brief a Notice of Intent to Accelerate that BAC's predecessor sent Dersch on October 3, 2008, notifying her of the default and intent to accelerate. (Defs.' Reply Br. Supp. Mot. for J. on the Pleadings Ex. F.) The notice specified the amount Dersch was required to pay in order to cure the default. Even if Defendants had not sent Dersch a contractual notice, there would still be no reason to invalidate the foreclosure because Dersch does not allege that Defendants failed to comply with the statutory foreclosure requirements. As the Eastern District of Michigan has observed:

> Even assuming Wells Fargo never mailed Judy notice regarding the foreclosure sale, the sale cannot be set aside. As discussed above, the requirements of the foreclosure statute have been satisfied, and that is all that is required to prevent the Court from setting aside the sale, even where contractual notice provisions are not met.

*Ellison v. Wells Fargo Home Mortg., Inc.*, No. 09-cv-14175, 2010 WL 3998091, at *7 (E.D. Mich. Oct. 12, 2010).

### c. Bad Faith Foreclosure

Dersch sets forth in detail an account of her dealings with BAC in attempting to obtain a loan modification during 2009 and 2010. It appears that BAC initially placed Dersch in a trial modification under the "Making Homes Affordable" plan in 2009, but she ultimately did not qualify for the modification, apparently because the Property was not her principal residence. Dersch continued to discuss a possible loan modification with BAC during the fall and winter of 2010, and she describes her frustrations with having to send and re-send the same information to BAC and

BAC's failure to give her straight answers as to whether she would receive a modification. Dersch's chief complaint seems to be that at the same BAC was stringing her along about a possible modification (which BAC had apparently already denied without notifying Dersch), Defendants proceeded with the foreclosure, even though Dersch had requested that it be postponed pending a decision on the modification.

The legal basis for Dersch's bad faith claim is not clear, but to the extent she intends to allege a claim for promissory estoppel, such a claim would fail for a number of reasons. A claim of promissory estoppel is an equitable remedy and requires that there be "(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of promisee, (3) which in fact produced reliance or forbearance . . . , and (4) in circumstances such that the promise must be enforced if injustice is to be avoided." *Ardt v. Titan Ins. Co.*, 233 Mich. App. 685, 692, 593 N.W. 2d 215, 219 (1999). In addition, the alleged promise must be "definite and clear." *Barber v. SMH (US), Inc.*, 202 Mich. App. 366, 376, 509 N.W.2d 791, 797 (1993). While Dersch provides plenty of details about her dealings with BAC regarding a loan modification, nothing she says suggests that BAC or any other Defendant made a promise, let alone a definite and clear one, either that the loan would be modified or that the Sheriff's sale would be postponed. In fact, the documents Dersch has submitted simply say that Dersch "may" be eligible for a loan modification and that BAC would "review the information you provide." Apart from the lack of a promise, Dersch fails to indicate how she relied to her detriment as a result of any promise. There is no dispute that Dersch was in default and failed to make any attempt to cure the default. It is thus not clear how Dersch could have relied on any promise regarding a loan modification.

The final and most difficult hurdle Dersch would encounter in asserting a promissory estoppel claim is the statute of frauds. In particular, with regard to financial institutions, the statute provides:

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

M.C.L.A. § 566.132(2). This provision applies to actions against financial institutions based upon a promise to modify a loan and is "'unambiguous.'" *Ennis v. Wells Fargo Bank, N.A.*, No. 1:10-CV-751, 2011 WL 1118669, at *3 (W.D. Mich. Mar. 25, 2011) (quoting *Crown Tech. Park v. D & N Bank, FSB*, 242 Mich. App. 538, 550, 619 N.W.2d 66, 72 (2000)). To the extent Dersch is claiming that BAC or Wells Fargo agreed to modify the loan or waive the right to foreclose, she would be required to show that the alleged promises were made in a writing that complies with M.C.L.A. § 566.132(2). Given that Dersch never obtained a written agreement from Defendants, the statute of frauds would bar her claims. *See id.* at *4.

        **d.**     **Validity of Assignment**

Dersch continues to insist that the September 13, 2010, Assignment was fraudulent, yet, nothing she says in her response suggests fraud. Rather, her argument is that the Assignment was invalid because Argent had ceased doing business several years before the Assignment was executed, and Defendant Turner, who executed the Assignment on behalf of Argent as an Assistant

14

Vice President, was an Assistant Vice President of BAC. It is undisputed that BAC and/or Wells Fargo executed and recorded the Assignment in order to comply with the chain of title requirement of M.C.L.A. § 600.3204(3) in order to foreclosure the Mortgage.

In a recent decision, the Sixth Circuit affirmed an order from the Eastern District of Michigan denying the plaintiff's motion for a preliminary injunction, in which the plaintiff sought to enjoin a foreclosure by advertisement of four properties encumbered by a mortgage on which the plaintiff had defaulted. *See Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97 (6th Cir. 2010). The plaintiff-mortgagor argued, among other things, that the foreclosing mortgagee was required to prove that the assignment from the original mortgagee was legally valid in order to have a valid chain of title. The plaintiff asserted that the assignment from the original mortgagee to a trust (which later assigned its interest to the foreclosing party) was invalid because the trust did not exist as of the date the instrument was executed. *Id.* at 4. In rejecting the argument, the court observed that the plaintiff lacked standing to question the validity of the assignment, noting that "there is ample authority to support the proposition that 'a litigant who is not a party to an assignment lacks standing to challenge that assignment.'" *Id.* (quoting the district court's opinion, 717 F. Supp. 2d 724, 736-37). The court acknowledged the limited bases upon which an assignee may challenge an assignment, which include "nonassignability of the instrument, assignee's lack of title, and a prior revocation of the assignment," but found none of them applicable to the circumstances of the case. *Id.* In *General Underwriters, Inc. v. Kline*, 233 Minn. 345, 46 N.W.2d 794 (Minn. 1951), the court explained:

> The rationale of the rule that a debtor cannot question the title of his creditor's assignee is that a debtor's only legitimate concern is that he be able to pay with liberating effect. If he can pay to the assignee and discharge his obligation, it is no concern of his that the assignment may be only colorable. However, the rule should be extended no further than this rationale will support it. This court has

15

> indicated in dicta that where the assignor or other parties deny the assignee's title the debtor may have reason to put the assignee to proof of the validity of his title.

*Id.* at 351, 46 N.W.2d at 798 (footnotes omitted).

Applying this rule to the instant case, Dersch lacks standing to question the validity of the assignment from Argent to Wells Fargo on the grounds that Argent was defunct and Defendant Turner was an officer of BAC.[5] Dersch does appear to question the validity of Wells Fargo's assigned interest in the loan, as she states that "[t]he assets of Argent Mortgage Company, LLC were sold to Citigroup on or around September 9, 2007." (Pl.'s Resp. Defs.' Mot. for J. on the Pleadings at 13.) But this fact alone would not entitle Dersch to relief, even if she alleged it in her complaint, because it presents nothing more than "a sheer possibility that" Wells Fargo does not own the loan. *Ashcroft*, 129 S. Ct. at 1949. While Dersch obtained the loan from Argent on March 25, 2005, the sale of assets to Citigroup occurred over two years later. It is entirely possible, in fact, likely, in view of Dersch's assertion that May 1, 2005, was the cut-off date for transferring assets into the Trust, that Argent sold the loan to Wells Fargo shortly after the closing.[6] Regardless, Dersch does not assert, nor does it appear that she would have a good faith basis for asserting, that Argent owned the loan on the date it sold assets to Citigroup or, even if Argent owned the loan, that it was among the assets Citigroup purchased.[7]

---

[5] Dersch cites a number of cases in which courts required foreclosing parties to establish the employment status of representatives executing assignments of the mortgage sought to be foreclosed. These cases are inapposite, however, because they involved judicial foreclosures where the foreclosing party had the burden of establishing its right to foreclose. In contrast, in the instant case Dersch is seeking to invalidate a nonjudicial foreclosure that has already occurred, and as such, Defendants do not have the same burden of demonstrating the validity of the Assignment.

[6] Dersch's contention that the September 13, 2010, Assignment transferred the loan to Wells Fargo misconstrues the purpose of the Assignment. The Assignment was recorded to establish the requisite chain of title. It had nothing to do with the sale of the loan.

[7] *See* Eric Dash, *Citigroup Buys Parts of a Troubled Mortgage Lender*, N.Y. Times Sept. 1, 2007, http://www.nytimes.com/2007/09/01/business/01citi.html. (noting that Citigroup "bought the remnants of [ACC Capital Holdings's] Argent *wholesale* mortgage origination division" (italics added)).

16

### e. Lack of Standing

Finally, Dersch asserts that Defendants lacked standing to foreclose because the Assignment did not assign the Note. Dersch argues that a transfer of a mortgage without the underlying note is ineffective to transfer the debt, and because the Assignment did not transfer the Note, Defendants lacked standing to foreclose. While Dersch is correct that a transfer of a mortgage alone is insufficient to transfer the underlying obligation, *see Prime Fin. Servs. LLC v. Vinton*, 279 Mich. App. 245, 257, 761 N.W.2d 694, 703 (2008) (stating that "a transfer of a mortgage without the underlying obligation is a mere legal nullity" (internal quotation marks omitted)), this principal does not help her here. The foreclosure statute does not require the underlying obligation to be recorded as part of the record chain of title. Rather, the statute merely requires a "record chain of title . . . evidencing the assignment of the *mortgage*." M.C.L. A. § 600.3204(3) (italics added). Therefore, the fact that the Assignment does not cover the Note is irrelevant and does not preclude Defendants from foreclosing on the Mortgage.

**B.     Defendants' Motion to Amend the Caption**

Defendants have moved to amend the caption of the amended complaint to indicate that Dersch is suing Wells Fargo in its representative capacity as Trustee of the Trust rather than in its own name. Having reviewed the parties' briefs, the Court concludes that the motion should be granted. Dersch's allegations show that she sued Wells Fargo only because, as the owner of the debt, it foreclosed on the Property. It is undisputed that Wells Fargo holds title to the Property in its capacity as Trustee for the Trust and not in its own name. Thus, the Court will order that the caption be so amended.

17

**C.     Dersch's Emergency Motion to Vacate Sheriff Sale**

Having concluded that Defendants are entitled to judgment on the pleadings and that allowing Dersch to amend would be futile, there is no viable basis to grant Dersch the relief she seeks in her emergency motion to vacate the Sheriff's sale. Accordingly, the Court will dismiss her motion as moot.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Defendants are entitled to judgment on the pleadings. The Court will therefore grant Defendants' motion and dismiss Dersch's amended complaint. The Court will also grant Defendants' motion to amend the caption. Finally, the Court will dismiss Dersch's emergency motion to vacate as moot.

An Order consistent with this Opinion will be entered.


Dated:  July 25, 2011                                               /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                             UNITED STATES DISTRICT JUDGE